Argued Jan. 12, 1916. Appeal, No. 154, Jan. T., 1915, by Ella E. Meurer, from decree of O. C. Philadelphia Co., Jan. T., 1886, No. 215, dismissing petition for appointment of a trustee in case of Estate of Anthony Elton, Deceased. Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ. Affirmed.

Petition for the appointment of a trustee. Before Gummey, J.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was in dismissing the petition.

*William Gorman,* with him *Joseph Savidge, Leo. J. Gorman* and *John F. Gorman,* for appellant.

*Owen B. Jenkins,* for appellee.

Per Curiam, March 6, 1916:

The petition of the appellant for the appointment of a trustee in the estate of her deceased father was dismissed by the learned court below for the very good reason that no vacancy existed in the office of trustee in his estate.

Appeal dismissed at appellant's costs.

---

# Ketcham *v.* Baxter, Appellant.

*Contracts—Statements of claim—Affidavits of defense—Insufficient averments.*

Where in an action on an agreement by defendant to pay to plaintiff a stipulated sum out of the first money coming into his hands belonging to a third person, which had been assigned by such third person to plaintiff, it appears from the statement of claim and affidavit of defense that defendant had negotiated a note of such third person and with the proceeds had paid a debt of his own returning the balance to the maker, and that he had failed

to make any payment to plaintiff in accordance with the agreement, judgment for plaintiff for want of a sufficient affidavit of defense was properly entered.

Argued January 12, 1916.   Appeal, No. 235, Jan. T., 1915, by defendant, from order of C. P. No. 5, Philadelphia Co., June T., 1913, No. 3695, making absolute rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense in case of O. W. Ketcham v. John Baxter.   Before Brown, C. J., Mestrezat, Stewart, Frazer and Walling, JJ.   Affirmed.

Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense.

The facts appear in the following opinion by the lower court:

The plaintiff claims upon an order and assignment in his favor, dated June 20, 1912, signed by Bernard Stern, which recites that in consideration of the delivery of building materials for an operation in which Stern was engaged, Stern assigned $1,561 to the plaintiff out of a fund to be realized from a mortgage about to be placed on the premises by defendant for Stern, or out of any funds in the hands of the defendant belonging to or to belong to Stern, and directed the defendant to pay to the plaintiff "out of the first moneys coming into his hands from the said mortgage or otherwise" $1,561, and charge the same to Stern's account.   The defendant accepted the order and agreed to pay the plaintiff $1,561 "out of the first moneys coming into my hands as recited."

The statement avers that Stern delivered to the defendant a judgment note for $3,000, which defendant endorsed to Nellie Gallagher, receiving from her therefor $3,000 as the money of Stern, and instead of paying the amount assigned to plaintiff, paid it to Stern.

The affidavit of defense avers: "The moneys paid to Bernard Stern for the $3,000 note were out of the defendant's own moneys;" the money paid by him to Stern

from July 20th to July 31, 1912, amounting to $1,565 as averred in the statement of claim, was money which the defendant bound himself, when he took the judgment note, to loan to Stern, and that he agreed to loan or secure a loan for Stern of $3,000, and accordingly loaned him $1,565.

It is also averred in the affidavit that the note was purchased or taken over by Nellie Gallagher "in part payment of the money then due by the defendant to the said Nellie Gallagher."

From these averments it appears that the defendant received a judgment note for $3,000 signed by Stern, which he negotiated, and that it was purchased from defendant or taken over by Nellie Gallagher in liquidation of an indebtedness due by defendant to her, and that instead of receiving the cash from her, defendant was credited for the indebtedness due by him to her, and under his obligation to account to Stern for the proceeds of this note, actually paid him $1,565 upon dates subsequent to the acceptance by him of the order in suit.

The statement of claim alleges that defendant received $3,000 from Nellie Gallagher and, although defendant denies generally that he received any money from Nellie Gallagher as the money of Stern, there is no denial of the averment in the ninth paragraph of the statement of claim that defendant paid Stern $1,565 upon the dates specified, but on the contrary these payments are admitted. The relationship of the parties to this transaction is far from clear, although the defendant was afforded the fullest opportunity by obtaining leave to file two supplemental affidavits of defense, of which privilege he availed himself. The transaction apparently was one in which the judgment note executed and delivered by Stern to defendant was employed to raise money for Stern, instead of the mortgage mentioned in the assignment, which was first in contemplation. When, instead of demanding cash from Nellie Gallagher, defendant used the note to pay his individual indebted-

ness to her, he became the purchaser of the note and liable to the plaintiff and Stern for the proceeds.    He could not avoid the obligation of his agreement to pay out of the first money coming into his hands by swearing that the money was never out of his hands until he paid it to Stern.

The affidavit of defense is not specific, it is evasive, and is not sufficient to prevent the entry of judgment.

The court made the rule absolute.    Defendant appealed.

*Error assigned* was the order of the court.

*A. S. Ashbridge, Jr.,* for appellant.

*Charles J. Sharkey,* with him *Joseph G. Magee,* for appellee.

Per Curiam, March 6, 1916:

This judgment is affirmed on the opinion of the learned court below making the rule for it absolute.

---

# Williams, Appellant, *v.* Fry.

*Trustees—Trustees ex maleficio—Stock—Purchase of stock — Agency—Insufficient evidence.*

In a suit in equity to require defendant to transfer to plaintiff certain shares of corporate stock, plaintiff alleged that defendant had been his agent for the purchase of the holdings of a third person in a certain corporation and that he had paid defendant a stipulated consideration, but that defendant had only transferred a part of the holdings of such third person which he had acquired, retaining 191 shares.   The evidence did not show that plaintiff had employed defendant as his agent for the purchase of the stock but merely showed an agreement by plaintiff for the purchase of those shares from defendant which had been admittedly delivered to plaintiff.   The lower court found that defendant was not plaintiff's agent for the purchase of the stock, and that there was no